IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

| | | |
|---|---|---|
| SARAH DUNHAM | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No: 5:19-cv-05098-TLB |
| | § | |
| WAL-MART STORES ARKANSAS, LLC | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

NOW COMES Sarah Dunham ("Plaintiff") and file this Plaintiff's Original Complaint and respectfully shows the following:

### I. JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331 because Plaintiff asserts claims under 42 U.S.C. § 12101 *et seq.* (Americans With Disabilities Act, "ADA").

2. Venue is appropriate because Defendant employed the Plaintiff in Madison County, Arkansas and the events giving rise to this action occurred within this judicial district.

### II. PARTIES

3. Plaintiff who resides in Huntsville, Arkansas is an individual who performed work for Defendant at its store in Huntsville, Arkansas.

4. Wal-Mart Stores Arkansas, LLC ("Defendant") is a company doing business in the state of Arkansas.

### III. FACTS

5. Plaintiff first started working at Walmart Store No. 373 in Huntsville, Arkansas in 2016.

6. Prior to this employment, Plaintiff worked at Walmart through the Elizabeth Richardson Center (ERC) which assists individuals with intellectual and learning disabilities.

7. In addition to her learning disability, Plaintiff suffers from Bell's Palsy which leaves her with no peripheral vision on her left side.

8. Plaintiff's Bell's Palsy is so severe that it prevents her from driving a motor vehicle.

9. Defendant was aware of both of Plaintiff's disabilities.

10. Despite her limitations, Plaintiff was an excellent employee and gave her best efforts to the job both during her official employment and working for Defendant through the ERC.

11. Upon officially working for Defendant, Plaintiff was subjected to derisive and discriminatory comments and false write ups because of her disability.

12. In one example, when Plaintiff was working in the deli, comments such as "we have one of these people" was negatively spoken about Plaintiff regarding her prior work for Defendant through the ERC.

13. Plaintiff was written up for not doing trash at the gas station. Plaintiff was tasked with store maintenance, not the separate maintenance responsibilities at the gas station. Indeed, the manager of the gas station at that time even tried to get the false write up taken away.

14. It became clear the Defendant no longer wanted to have a disabled employee working for it.

15. Plaintiff was illegally terminated on March 9, 2018 due to her disabilities.

16. The stated reason for termination (not following the 10 foot rule) is not only false, but it is discriminatory on its face.

17. It would be physically impossible for Plaintiff to always observe the 10-foot rule for greeting customers as she cannot see customers on her left side.

18. This false and suspiciously subjective reason for termination is due to Plaintiff's disabilities.

19. At the time of termination, Plaintiff worked in maintenance and was not required to observe the 10 foot rule as the majority of her duties consisted of cleaning.

20. Plaintiff was never previously warned about not following the so called 10-foot rule.

21. The violation of the 10 foot rule is not an offensive that results in termination for non disabled employees.

22. Similarly situated non disabled employees have not been terminated for far more egregious and/or number of offenses.

## IV.  DISABILITY DISCRIMINATION

30. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

31. Defendant employs more than 501 employees.

32. Plaintiff has a disability within the meaning of the ADA.

33. Plaintiff is a qualified individual under the ADA.

35. Plaintiff 'suffered an adverse employment action because of her disability.

36. Circumstantial or direct evidence exists for which a fact-finder to conclude Defendant discriminated against Plaintiff on the basis of her disabilities.

37. Due to Defendant's actions, Plaintiff has suffered, and continues to suffer, damages including but not limited to lost wages, both past and future, the value of fringe benefits, emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life.

38. Defendants' actions were intentional, malicious, and committed with reckless indifference to Plaintiff's federally protected rights.

## VI.  FAILURE TO ACCOMMODATE

39. Plaintiff repeats and realleges all previous paragraphs of this Complaint as though fully set forth herein.

40. Plaintiff informed Defendant of her disabilities.

41. Plaintiff requested an accommodation or Defendant knew Plaintiff needed an accommodation despite the absence of a formal request for accommodation.

42. There was an accommodation available that would have been effective and would not have posed an undue hardship to the employer.

43. Defendant failed to provide an accommodation.

### V.I   JURY DEMAND

44. Plaintiff exercises the right to a Jury.

### VII.   DAMAGES

WHEREFORE, Plaintiff respectfully requests that the above-named Defendant, be cited to appear in this matter and that, after a jury trial by proof, she be awarded:

i. Back pay, including but not limited to lost wages, and other employment benefits;

ii. Front pay, including but not limited to wages, and other employment benefits;

iii. Judgment against Defendant for compensatory damages including emotional pain, suffering, inconvenience, mental anguish, and loss of enjoyment of life;

iv. Actual damages;

v. Punitive damages;

vi. Injunctive or prospective relief;

vii. Judgment against Defendant for Plaintiff's reasonable attorneys' and experts' fees; and costs of suit;

viii. Prejudgment and post-judgment interest as allowed by law; and

ix. Such other and further legal and/or equitable relief to which Plaintiff may be justly entitled, as this court may deem proper.

WHEREFORE, PREMISES CONSIDERED, Plaintiff respectfully prays that upon a trial on the merits, Plaintiff be awarded the relief requested in this Complaint and such other and further relief to which she may be justly entitled.

Respectfully submitted,

*[signature]*

Gregory A. Placzek
Bar Number 2017271
Attorney for Plaintiff
Placzek Law Firm, PLLC
130 N College Ave  Suite D
Fayetteville, Arkansas 72701
Telephone: (479) 935-3321
E-mail: greg@nwaemploymentlaw.com